**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION**

| | |
|---|---|
| AUSTIN RANDY OWENS, | |
| Plaintiff, | CIVIL ACTION NO.: 2:23-cv-59 |
| v. | |
| OFFICER BRANDON THORNTON, and OFFICER GRIFFITH, | |
| Defendants. | |

**O R D E R**

Defendant Griffith filed a Motion for Reconsideration.  Doc. 45.  Defendant Griffith asks

the Court to reconsider its March 5, 2024 Order imposing costs of personal service.  See Doc. 31.

For the reasons explained below, I **GRANT** Defendant Griffith's Motion for Reconsideration

and **VACATE** the portion of the Court's previous Order imposing the costs of personal service

on Defendant Griffith.  Id. at 2.  Defendant Griffith is not responsible for the costs of personal

service.

**BACKGROUND**

Plaintiff filed a pro se Complaint against Defendant Griffith, Defendant Thornton, and

the St. Marys Police Department.  Doc. 1.  Plaintiff identified Defendant Griffith and Defendant

Thornton as police officers employed by the St. Marys Police Department.  Plaintiff also moved

to proceed *in forma pauperis*.  Doc. 2.  The Court granted Plaintiff's motion to proceed *in forma

pauperis*.  Doc. 4.  The Court also allowed Plaintiff's claims against Defendants Griffith and

Thornton proceed after screening Plaintiff's Complaint under 28 U.S.C. § 1915A.  Doc. 14.

The Court directed the United States Marshals Service to serve Defendants Thornton and Griffith without prepayment of cost.  Doc. 15.  The Marshals Service mailed waivers to Defendants Thornton and Griffith at the St. Marys Police Department using the address Plaintiff provided in his Complaint.  See Docs. 18, 19.  Counsel for Defendant Thornton signed and returned the service waiver on January 11, 2024.  Doc. 17.  However, the service waiver for Defendant Griffith was returned as undeliverable.  Doc. 19.  On March 5, 2024, the Court directed the Marshals Service to personally serve Defendant Griffith.  Doc. 31.  The Court also imposed the costs of personal service on Defendant Griffith under Federal Rule of Civil Procedure 4(d)(2)(A).  Id. at 2.  The Marshals Service completed personal service on Defendant Griffith on April 3, 2024.  Doc. 33.  Defendant Griffith asks the Court to reconsider its imposition of service costs on him.  Doc. 45.

## LEGAL STANDARD

A motion for reconsideration, or a Federal Rule of Civil Procedure 59(e) motion, is "an extraordinary remedy, to be employed sparingly."  Smith ex rel. Smith v. Augusta-Richmond County, No. CV 110-126, 2012 WL 1355575, at *1 (S.D. Ga. Apr. 18, 2012) (internal citation omitted).  "A movant must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision."  Id. (internal citation omitted).  "The only grounds for granting a Rule 59 motion are newly[]discovered evidence or manifest errors of law or fact."  Jacobs v. Tempur-Pedic Intern., Inc., 626 F.3d 1327, 1344 (11th Cir. 2010) (quoting In re Kellogg, 197 F.3d 1116, 1119 (11th Cir. 1999) (internal punctuation omitted)).  "A Rule 59(e) motion cannot be used to relitigate old matters, raise argument[,] or present evidence that could have been raised prior to the entry of judgment."  Id. (quoting Michael Linet, Inc. v. Village of Wellington, 408 F.3d 757, 763 (11th Cir. 2005) (alterations omitted)).

2

**DISCUSSION**

Defendant Griffith argues it would be unjust to assess the costs of personal service on him.  Doc. 45 at 3.  Defendant Griffith states in a declaration he never received a waiver of service or a notice the costs of personal service would be assessed to him if he did not waive service.  Doc. 40 at 2.  Defendant Griffith states Plaintiff incorrectly identified him as an officer with the St. Marys Police Department.  Id. at 1.  Defendant Griffith also states he was not employed by the Camden County Sheriff's Office at the time of the incident described in Plaintiff's Complaint and has never been employed by the St. Marys Police Department.  Id.

Individuals subject to service have a duty to avoid unnecessary expenses of serving the summons.  Fed. R. Civ. P. 4(d)(1).  Courts "must impose" the expenses incurred in making service on a defendant who fails to sign and return a service waiver without good cause.  Fed. R. Civ. P. 4(d)(2)(A).  "A defendant failing to comply with a request for waiver shall be given an opportunity to show good cause for the failure, but sufficient cause should be rare."  Fed. R. Civ. P. 4 advisory committee's note to 1993 amendment.  However, there is sufficient cause where the defendant did not receive the waiver request.  Id.

Defendant Griffith shows good cause for failing to waive service.  Defendant Griffith declares under penalty of perjury he did not receive a waiver request.  Further, he shows the waiver was initially sent to an incorrect address because Plaintiff incorrectly identified Defendant Griffith's employer.  Defendant Griffith did not have an opportunity to show good cause before the Court ordered personal service and imposed costs because he did not have notice of the waiver.  Under these circumstances, Defendant Griffith presents facts of a strongly convincing nature the Court's imposition of service costs should be reversed.  Accordingly, I **GRANT** Defendant Griffith's Motion for Reconsideration and **VACATE** the portion of the

Court's previous Order imposing the costs of personal service on Defendant Griffith.  Doc. 31 at

2.  Defendant Griffith is not responsible for the costs of personal service.

      **SO ORDERED**, this 7th day of August, 2024.


BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA